Filed 5/30/13  P. v. Abraham CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>HECTOR ABRAHAM,<br><br>    Defendant and Appellant. | B244945<br><br>(Los Angeles County<br>Super. Ct. No. LA068061) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Leslie A. Dunn and Martin L. Herscovitz, Judges.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

—————————————

Police stopped Hector Abraham and Eugene Yi in their van, suspecting them of intending to steal the third row of seats from inside parked SUVs outside a shopping mall. Inside the van, the officers found a third row of seats taken from an SUV and a woman's wallet. They arrested Abraham and Yi.

Abraham and Yi were thereafter charged in an information with one count each of second degree burglary, grand theft of personal property, receiving stolen property and possession of burglary tools. Represented by appointed counsel, Abraham denied the charges.[1]

Abraham's defense counsel previously filed a motion to suppress evidence (Pen. Code, § 1538.5), which was heard in conjunction with the preliminary hearing. At the conclusion of the hearing, the magistrate denied Abraham's suppression motion and held Abraham and Yi to answer.

Abraham's defense counsel renewed the suppression motion at the trial court (Pen. Code, § 1538, subd. (i)). After reviewing the preliminary hearing transcript and listening to the testimony from prosecution witnesses who had previously testified at the preliminary hearing, the court denied the renewed suppression motion.[2]

According to the evidence at the suppression hearings, in 2011 the Los Angeles Police Department organized a task force in response to repeated burglaries of the third row of seats from SUVs manufactured by General Motors occurring in shopping mall parking lots in the San Fernando Valley in 2011. Officers on the task force learned that a white commercial van with paper plates and a ladder was at the scene of many of the burglaries.

On June 6, 2011, task force officers noticed Abraham and Yi driving such a van slowly through a shopping mall parking lot, without parking or stopping. The officers

---

[1]  Codefendant Yi is not a party to this appeal.

[2]  For the first time, codefendant Yi made a suppression motion at the trial court, which was heard concurrently with Abraham's renewed suppression motion. The court indicated it would not consider the testimony of any witnesses who did not testify at the preliminary hearing in ruling on Abraham's renewed suppression motion.

pulled over the van, which had dark tinted windows. After ordering Abraham and Yi out of the van, the officers looked inside for other occupants and found a third row of seats taken from a Yukon GMC SUV and a wallet belonging to Delfina Madrigal.

Following the denial of his renewed suppression motion, Abraham entered an open plea to the court of no contest to all four counts. The court suspended imposition of sentence and placed Abraham on three years of formal probation, on condition he perform 1,440 hours of Probation Adult Alternative Work Service (P.A.A.W.S.). The court ordered Abraham to pay on each count a $40 court security fee, a $30 criminal conviction assessment and a $240 restitution fine. The court imposed and suspended a probation revocation fine on each count pursuant to Penal Code, section 1202.44. Abraham was awarded a total of 4 days of presentence credit.

Abraham filed a timely notice of appeal "based upon the denial of his motion to suppress evidence." We appointed counsel to represent Abraham on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On January 8, 2013, we advised Abraham he had 30 days within which to personally submit any contentions or issues he wished us to consider. No response has been received to date.

We have examined the entire record and are satisfied Abraham's attorney has fully complied with the responsibilities of counsel and no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The judgment is affirmed.

ZELON, J.

We concur:

PERLUSS, P. J.

WOODS, J.

4